WILLIAM P. BLUE

v.

RUTH E. SMITH.

*Administration—Relation of Administrator to Widow of Intestate—Excessive Charge of Fees by Administrator—Recovered Back, When.*

Where an administrator represented to the widow of his intestate that the estate was insolvent and that the fees due him were $80.10, which sum the widow paid to him, and it appeared that the sum so paid was in excess of the legal fees and expenses, *held*, that in view of the trust relation between the parties, this was not to be regarded as a voluntary payment, but that the excess might be recovered back in an action by the widow.

[Opinion filed April 11, 1892.]

APPEAL from the Circuit Court of Montgomery County; the Hon. J. J. PHILLIPS, Judge, presiding.

Messrs. LANE & COOPER, for appellant.

Mr. D. H. ZEPP, for appellee.

MR. JUSTICE WALL. Appellant was administrator of the estate of Theodore W. Smith. The personal estate was appraised at $1,161. The widow's award was $980. She took of the property enough to amount to $366, at the appraised valuation. The residue was taken by virtue of a chattel mortgage executed by the deceased in his lifetime, and was all sold by the mortgagee. Afterward the appellant stated to appellee that as the estate was insolvent he would sell enough of the property remaining in her hands to pay the expense of administration, or she could keep the same by paying him the amount of the cost and expenses of administration, which he represented to be $80.10. She paid him that sum and he gave her the following receipt:

Rec. $80.10, as settlement in full of all costs in the settlement of the estate of Theodore W. Smith in the Montgomery County Probate Court, from Mrs. Ruth E. Smith, this 25th day of August, 1890.

WM. P. BLUE, Administrator.

No allowance for cost and expenses was ever made by the Probate Court, nor does it appear that the appellant ever filed any statement or account thereof in that court. This suit was brought to recover a part of the money so

paid him by the widow upon the theory that the payment was made under the mistaken belief that the sum charged was the true amount of the said cost and charges, and that the administrator occupied a relation of trust which compelled him to act with the utmost fairness and justified the widow in supposing that she might rely upon his representations. The case was tried by the court, without a jury, by consent, and resulted in a finding and judgment in favor of the plaintiff for $44.24, leaving appellant $35.86, from which after deducting court cost and appraisers' fees, $13.90, he would have left the sum of $21.96 for his own services and expenses.

It is now urged that the plaintiff had no cause of action for the reason that the money was not paid under a mistake of fact, that it was a voluntary payment, that the plaintiff knew or had the means of knowing what were the facts, and that whatever mistake there may have been it was in a matter of law.

In the first place, it is apparent these parties were not "at arm's length." The administrator occupied a fiduciary capacity which required him to act with scrupulous fidelity in all his dealings with the widow concerning her interest in the estate. She had a right to expect this of him. She did not know the amount of cost. True she was presumed to know what the statute provides, but she did not know as a matter of fact what items of expense and cost and what commissions had been approved by the Probate Court in pursuance of those statutory provisions. When he represented that the necessary sum was $80.10 she might, it is true, have investigated and ascertained that no allowance had been made, and she might in this way have defeated him in the demand thus made. But she relied upon his integrity and fidelity as she had a right to do, and believing he was truly representing the facts, she paid him. Now he can not be heard to set up the ungracious defense that she was not vigilant, that she did not investigate, and that by her over-confidence she was victimized. The Probate Court might have allowed him to the extent of six per cent on

the personal estate, but had not allowed anything.  Practically the only personal estate which was really the property of the estate was that part not included in the mortgage, yet under some circumstances the court might have felt justified in allowing a commission for handling all of it. But this had not been adjusted; indeed no report or account had been or ever was presented to the Probate Court.

We think under such circumstances the plaintiff had a cause of action to recover whatever she had paid him in excess of his just compensation and that the court trying the case might hear all the evidence and make a reasonable allowance within the limits prescribed by the statute, such as it might be presumed would have been made by the Probate Court had the administrator in pursuance of his duty presented his account and submitted the matter to that court for its consideration and judgment.

We find no occasion to interfere with the conclusion reached by the Circuit Court, and its judgment herein will be affirmed.

*Judgment affirmed.*